J.A. JONES CONSTRUCTION COMPANY, Plaintiff–Appellee,

v.

STEEL ERECTORS, INC., and P.E. Clifton, Defendants–Appellants.

No. 89–8118.

United States Court of Appeals, Eleventh Circuit.

May 18, 1990.

W. Brantley Harvey, Jr., William B. Harvey, III, and John M. Tatum, III, Beaufort, S.C., for defendants-appellans.

Steven E. Harbour, William E. Sumner, Jennifer L. Hice, and David A. Webster, Atlanta, Ga., for plaintiff-appellee.

Before CLARK and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

The litigation in this case arose from a construction project at the High Bay Mock–Up Facility of the Savannah River Power Plant. The Savannah River Plant is managed for the Department of Energy by E.I. DuPont de Nemours & Co. (DuPont). In 1985, DuPont awarded to cross-appellee [1] J.A. Jones Construction Co. (Jones) a contract to construct an addition to the High Bay facility. Jones sub-contracted with cross-appellant Steel Erectors, Inc., *et al.* (Steel Erectors) for the fabrication and erection of structural steel. Jones sought

1. The initial appeal filed by appellant, J.A. Jones Construction Co., has been voluntarily dismissed. This appeal proceeds solely on the cross-appeal filed by Steel Erectors, Inc. *et al.*

to recover the costs of repairing allegedly defective welds produced by Steel Erectors. Steel Erectors counter-claimed for the balance of the contract price and quantum meruit damages for work over and above what was called for under the contract.

The case was tried before a Savannah jury which returned a verdict awarding damages of $510,684.00 to Steel Erectors. Jones timely moved for a judgment not withstanding the verdict or a new trial and the district court granted the motion. The court entered judgment notwithstanding the verdict on only one claim; Jones' contention that Steel Erectors had violated the non-assignment clause of its contract by subcontracting a portion of the welding to Boykin Erectors. The district court granted a new trial on the remaining claims finding that Jones was prejudiced by the court's failure to direct the verdict on the breach of the non-assignment clause claim; that the verdict was against the greater weight of the evidence; that the damage award was excessive and was also against the greater weight of the evidence; that the jury disregarded the court's instructions with regard to Steel Erectors' claim for delay damages; that the jury was influenced by sympathy and prejudice; and that the complexity of the case made it likely that the jury had misapprehended the issues.

At Jones' request, the case was transferred to the Augusta division of the Southern District of Georgia for re-trial. At the conclusion of the second trial, the jury returned zero verdicts for Jones on its complaint and Steel Erectors on its counter-claim and the district court entered final judgment for Steel Erectors. On appeal, Steel Erectors does not challenge any portion of the second trial but argues only that the district court erred in granting a new trial and a partial judgment notwithstanding the verdict and therefore, the second trial should never have occurred.

■ It is important to understand the procedural posture in which this case comes before us. Steel Erectors argues that we should reverse the district court's order granting a new trial thus rendering the second trial and the final judgment which followed it a nullity. The grant of a new trial is an interlocutory order which is ordinarily not independently appealable. *See Deas v. PACCAR, Inc.,* 775 F.2d 1498, 1503 (11th Cir.1985), *cert. denied,* 475 U.S. 1129, 106 S.Ct. 1658, 90 L.Ed.2d 201 (1986). The propriety of such an order may be considered if raised as an issue on appeal from the final judgment entered in the subsequent trial. *Evers v. Equifax, Inc.,* 650 F.2d 793 (5th Cir. July 1981); 11 Wright & Miller, *Federal Practice and Procedure,* section 2818 (1973).

■ The standard of review applicable to the grant of a new trial is whether or not the trial court abused its discretion. While close scrutiny of the grant of a new trial is appropriate where the sole reason given is that the verdict is against the greater weight of the evidence, where, as here, evidentiary weight is merely one of numerous factors cited in support of the new trial, the district court is allowed wide discretion. *Deas v. PACCAR, Inc.,* 775 F.2d at 1503–05. Steel Erectors has not demonstrated that the trial court abused its discretion and therefore we affirm the judgment of the district court essentially for the reasons stated by the court in its extremely thorough order granting the motion for new trial and partial judgment notwithstanding the verdict. AFFIRMED.